# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CATHY VALLES, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-08-CA-501-XR |
| | § | |
| JIMMY FRAZIER and ALLSTAR EROSION CONTROL, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER ON MOTION TO RECONSIDER

On this day, the Court considered Plaintiff's Motion to Reconsider its judgment in favor of Defendants. (Docket Entry No. 19). Defendants have not responded. After due consideration of Plaintiff's arguments, the court GRANTS Plaintiff's motion to reconsider.

## Background

On June 23, 2008, Plaintiff Cathy Valles filed suit against Defendants Jimmy Frazier ("Frazier") and Allstar Erosion Control ("Allstar") in this Court seeking damages associated with a claim of sexual harassment in the workplace under 42 U.S.C. § 2000e-2(a) ("Title VII"). Ms. Valles alleges that Defendants engaged in gender discrimination and sexual harassment resulting in a hostile work environment; thereby, forcing Plaintiff to resign from her position at Allstar Erosion Control. She claims that Frazier repeatedly made lewd comments about her clothing, requests for sexual favors, and other inappropriate sexual advances. (Compl. ¶ 9 [Docket Entry No. 1].) She also contends that these acts were reported to her immediate supervisor, but no action was taken. (Compl. ¶ 10.) Ultimately, Plaintiff alleges that the workplace was sufficiently inhospitable to require her departure. (Compl. ¶ 11.)

**Procedural History**

On July 21, 2009, Defendants filed a motion for summary judgment to which Plaintiff did not respond. (Def.'s Mot. for Summ. J. (July 21, 2009) [Docket Entry No. 15].) Upon consideration of Frazier and Allstar's motion, the Court granted Defendants' motion for summary judgment (Order on Mot. for Summ. J. (Sept. 4, 2009) [Docket Entry No. 17]) and the clerk entered judgment in favor of Frazier and Allstar (J. in a Civil Action (Sept. 4, 2009) [Docket Entry No. 18]). Plaintiff Valles filed a motion for this Court to reconsider its order that granted summary judgment, and by implication, the clerk's entry of judgment. (Mot. to Reconsider (Sept. 16, 2009) [Docket Entry No. 19].)

**Legal Standard**

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" by that name. *See Lavespere v. Niagara Mack & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1991). However, the Fifth Circuit has held that a motion for reconsideration should be treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within ten days of the judgment at issue. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir.2004); *see also* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 10 days after the entry of judgment.").

In this case, on September 4, 2009, Defendants' motion for summary judgment was granted (Docket Entry No. 17), and the clerk entered judgment against Plaintiff (Docket Entry No. 18). Plaintiff Cathy Valles filed her motion to reconsider on September 16, 2009, within ten days of the entry of judgment. *See* FED. R. CIV. P. 6(a)(2) (regarding calculation of deadlines). As such, Ms. Valles's motion challenging the Court's judgment was filed within ten days of the date of entry of

the final judgment and is considered properly as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

A district court has considerable discretion to grant or to deny a motion under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Id.* at 355. To prevail on a Rule 59(e) motion, the movant must show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir.2002). The third element applies to the facts of this case.

**Analysis**

Here, Ms. Valles indicates that she did not receive notice that a motion for summary judgment had been filed via U.S. mail or any other source. (Mot. at 1.) In response to an advisory issued by this Court (Advisory (Sept. 17, 2009) [Docket Entry No. 17]), Valles provided this Court with a copy of her attorney's electronic mail "in-box" for the date that Defendants filed their motion for summary judgment (and surrounding dates) to show that it was not received (Mem. on Pl.'s Mot. to Reconsider aff. (Sept. 18, 2009) [Docket Entry No. 21]).

In the court's consideration of Defendants' motion for summary judgment, it had no evidence by which to evaluate Plaintiff's claims. Ms. Valles has therefore not had an adequate opportunity to pursue her claims through no fault of her own. Accepting her argument and the affidavit from her counsel, this Court is loathe to render a judgment without giving her the opportunity to respond to Frazier and Allstar's motion for summary judgment. To prevent a manifest injustice to Ms. Valles,

the Court grants her motion to reconsider its order on Defendants' motion for summary judgment. *See, e.g., Hollowell v. Kaiser Aluminum & Chem. Corp.*, No. Civ.A. 04-0010, 2004 WL 1171235, at *3 (E.D. La. May 25, 2004) (reopening case because Plaintiff did not have actual notice of motion for summary judgment); *Kennemer v. Jeff Autoplex LLC*, Nos. 03-3616, 05-2828, 2006 WL 2947935, at *2 (E.D. La. Oct. 13, 2006) (granting motion to reconsider for attorney who did not receive court's order to show cause via electronic mail among other circumstances).

**Conclusion**

To prevent manifest injustice, Plaintiff's motion to reconsider the Court's order granting Defendants' motion for summary judgment is hereby GRANTED. The Court VACATES its order granting summary judgment and the Clerk's judgment. The Clerk is directed to reopen this case.

Furthermore, the Court ORDERS Plaintiff to provide a proper response to Defendants' motion for summary judgment within eleven days of this Order. If Defendants wish to file a reply brief to Plaintiff's response, they must do so within the deadlines afforded by the Local Rules for the Western District of Texas.

It is so ORDERED.

SIGNED this 1st day of October, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE