# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CATHY VALLES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-08-CA-501-XR |
| | § | |
| JIMMY FRAZIER and ALLSTAR | § | |
| EROSION CONTROL, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

On this date, the Court considered the Defendants Jimmy Frazier and Allstar Erosion Control's Motion For Summary Judgment and Brief in Support (Docket Entry No. 15). Having reviewed the motion, Defendant's response, and Plaintiff's reply, the motion is hereby GRANTED IN PART AND DENIED IN PART.

## Background

Plaintiff Cathy Valles ("Valles") was hired to work at Allstar Erosion Control Company ("Allstar") in November of 2006. Defendant Allstar provides services to businesses and municipalities regarding erosion prevention and elimination. (Def.s' Mot. for Summ. J. 1 (July 21, 2009) [Docket Entry No. 15] ("Mot.").) Defendant Jimmy Frazier ("Frazier") was an owner of the company with his wife, Brenda Frazier. (*Id.* at 2.) Ms. Valles alleges that beginning in May 2007 and continuing throughout her employment, Mr. Frazier subjected Ms. Valles to inappropriate sexual remarks. (Compl. ¶ 9 (June 23, 2008) [Docket Entry No. 1] ("Compl.").) She claims that she reported the harassment to her supervisor, Michelle Raven, but no action was taken. (*Id.* ¶ 10.) According to Plaintiff, Ms. Raven's manager, Lorrie Reyes, lived on the same property as the

defendant and "Management did nothing to cure the hostile work environment . . . . [and] was actively engaged in the harassment." (*Id.*) Ms. Valles gave a two-week notice to leave her employment in July 2007, but left her employment prior to her departure date when told to remove her personal items. (*Id.* ¶ 11.)

Defendants contend that Ms. Valles fabricated stories regarding different employees, but worked "without incident or complaint throughout the entire period of her tenure. (Mot. at 1–2.) According to Defendants, shortly after Ms. Valles gave her two-week notice, her husband "came into the office early on a morning . . . and sought to initiate a fight with Jimmy Frazier for statements he made to another employee, Brandi Fisher." (*Id.*) Mr. Frazier allegedly told Ms. Fisher that Ms. Valles "had a reputation for creating drama and false rumors within the office . . . ." (*Id.*) Mr. Frazier supposedly dismissed Ms. Valles, in the presence of Lorrie Reyes, prior to Ms. Valles's announced departure date. (*Id.*)

Allstar operates with a policy prohibiting sexual harassment that Ms. Valles acknowledged. (Mot. ex.) The Company handbook contains a policy against harassment and states that the employee may initiate action in response to sexual harassment by notifying the employee's immediate supervisor, the company president, or an employee designated by management to handle such complaints. (*See* Mot. ex.)

On June 23, 2008, Plaintiff Cathy Valles filed suit against Defendants Jimmy Frazier and Allstar Erosion Control in this Court seeking damages associated with a claim of sexual harassment under 42 U.S.C. § 2000e-2(a) ("Title VII"). Ms. Valles alleges in her complaint that Defendants engaged in gender discrimination and sexual harassment through a hostile work environment and quid pro quo discrimination; thereby, forcing her to resign from her position at Allstar. She states

2

that her resignation constituted a constructive discharge.

## Procedural History

On July 21, 2009, Defendants filed their motion for summary judgment to which Plaintiff did not respond. The Court granted Defendants' motion. (Order (Sept. 4, 2009) [Docket Entry No. 17].) The Court subsequently granted Plaintiff's motion for reconsideration when the Court ascertained that Plaintiff did not receive the motion for summary judgment and thus, could not respond. (Order (Oct. 1, 2009) [Docket Entry No. 23].) Plaintiff filed a response to Defendants' motion (Pl.'s Resp. to Def.s' Mot. for Summ. J. (Oct. 5, 2009) [Docket Entry No. 25] ("Resp.")) to which Defendants filed a reply (Def.s' Reply to Pl.'s Resp. to Def.s' Mot. for Summ. J. (Oct. 16, 2009) [Docket Entry No. 26] ("Reply")).

## Standard of Review

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The burden is on the moving party to show that "there is an absence of evidence to support the nonmoving party's case." *Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Once the moving party meets its initial burden, the nonmoving party "must . . . set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e). The nonmoving party, however, "cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Freeman*, 369 F.3d at 860 (citation omitted). Further, a fact is material only "if its resolution could affect the outcome of the action." *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002). The

Court reviews all facts in the light most favorable to the non-moving party. *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 308 (5th Cir. 2004).

## Analysis

*A. Gender Discrimination Claims*

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to . . . compensation, terms, conditions, or privileges of employment, because of such individual's . . .sex." 42 U.S.C. § 2000e-2(a)(1); *Puente v. Ridge*, 324 Fed. App'x 423, 427 (5th Cir. 2009). In order to prevail on an employment discrimination claim under Title VII, the initial burden to prove a prima facie case of discrimination falls upon the plaintiff. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In general, to satisfy this requirement, Plaintiff must demonstrate the following: (1) she is a member of a protected class; (2) she possessed the required qualifications for employment in her position; (3) despite her qualifications, she suffered an adverse employment action; and (4) that a member of another class (such as a male) who was similarly situated was treated more favorably. *Id.*; *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001). Once Plaintiff has demonstrated a prima facie case of discrimination, the burden then shifts to the defendant to demonstrate that the disputed actions were based upon legitimate and non-discriminatory reasons. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506–07 (1993); *Okoye*, 245 F.3d at 512. Finally, if Defendant produces such reasons, the burden shifts back to Plaintiff to demonstrate that said reasons were merely pretexts for discrimination. *McDonnell Douglas*, 411 U.S. at 804; *Okoye*, 245 F.3d at 512.

Here, Valles presents the court with little argument or authority.¹ The Court, however, must evaluate the facts in a light favorable to the non-movant. *Rachid*, 376 F.3d at 308. As a female, Ms. Valles is a member of a protected class. Although not plead in the complaint nor referenced in the response, it is reasonable to infer that Ms. Valles was qualified for her position because Allstar hired her for the position and Allstar states that she worked for the company "without incident or complaint throughout the entire period of her tenure." (Mot. at 2.) Ms. Valles claims that she was dismissed prior to her planned date of resignation, which could constitute an adverse employment event.

Valles, however, fails to allege that a member of another class—in this case, a male—was treated more favorably.² Plaintiff provides no comparators to suggest that similarly-situated men were treated differently than she was treated as to terms and conditions of employment. Plaintiff attempts to counter this argument by stating that "unless the Defendant can show that Mr. Frazier talked to men in his employment the same way, then [Valles] was clearly subjected to this behavior because of her gender in violation of Title VII." (Resp. ¶ 5.) The onus to prove any case, however, lies with the Plaintiff. Here, Valles does not allege facts sufficient to establish a claim for gender discrimination.³ As a result, the Court must grant plaintiff's motion for summary judgment on this

---

¹Plaintiff's complaint contains scant information and Plaintiff's four and one-half page response to Defendants' motion for summary judgment contains not even a single legal citation in spite of Local Rules that require that "specific legal authorities supporting any motion *shall* be cited in the motion . . . ." Local Rule CV-7(c) (W.D. Tex.).

²Plaintiff appears to conflate her claims of harassment and hostile work environment with a claim of gender discrimination. The Court evaluates those claims separately. *See infra* Parts B–D.

³Even if Valles established a prima facie case for gender discrimination, Defendants provided a non-pretextual basis for her termination. Defendants allege that Valles's

claim.

B. *Hostile Work Environment*

Valles alleges that the comments from Mr. Frazier created a hostile work environment in violation of Title VII. To prevail on a claim for hostile work environment, a plaintiff must prove: "(1) that the employee belongs to a protected class; (2) that the employee was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; and (4) that the harassment affected a term, condition, or privilege of employment." *Stewart v. Miss. Transp. Comm'n*, __ F.3d ___, 2009 WL 3366930, at *6 (5th Cir. 2009) (quoting *Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 163 (5th Cir. 2007)) (internal quotation marks omitted). To establish the fourth element, the plaintiff must subjectively perceive the harassment as sufficiently severe or pervasive, and this subjective perception must be objectively reasonable. *Frank v. Xerox Corp.*, 347 F.3d 130, 138 (5th Cir. 2003) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). The Court will look at the totality of the circumstances to determine if the harassment is severe or pervasive. *Stewart*, 2009 WL 3366930, at *6 (citing *Lauderdale*, 512 F.3d at 163). The fact-finder must consider the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, and whether it unreasonably interferes with an

---

        husband came to the office early on a morning—before [Valles] arrived—and sought to initiate a fight with Jimmy Frazier for statements he made to another employee, Brandi Fisher. Ms. Fisher was advised that Ms. Valles had a reputation for creating drama and false rumors within the office, she was leaving soon, and Ms. Fisher should not be closely fraternized [sic] with her in or outside of the office. As a result of Mr. Valle[s]'s explosive and verbally abusive comments made at Allstar, Mr. Frazier called Lorrie Reyes into his office as a witness to his letting Ms. Valles leave prior to the end of her two weeks.

(Mot. at 2.) Valles makes no attempt to address this claim and does not argue that the basis of her termination was a pretext for discrimination.

employee's work performance. *Id.* (citing *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 434 (5th Cir.2005)).

In their motion for summary judgment, Defendants argue that Valles's allegations fail to state a claim for a hostile work environment. Defendants deny that Mr. Frazier made the comments to Ms. Valles, and that one comment regarding Ms. Valles's undergarments being visible did not constitute severe and pervasive harassment. Here, Ms. Valles, a female and member of a protected class, alleges that Mr. Frazier subjected her to unwelcome sexual harassment based on her sex. According to the complaint, Mr. Frazier requested sexual favors and photographs of her without clothing. (Compl. ¶ 9.) She claims she was subjected to comments regarding sexual acts, her anatomy, and Mr. Frazier's alleged desire to have sex with her. (*Id.*) Based on these allegations, Ms. Valles meets the first three elements to establish a claim for hostile work environment.

Defendants claim that Valles's actions, in failing to complain about the harassment and offering two weeks before her final separation date, undermine her claims that any harassment was pervasive. However, based on the totality of the circumstances, the Court can ascertain that a number of alleged comments, some of which are sexually explicit, are pervasive. Ms. Valles alleges that multiple comments were made to her within her eight-month tenure at Allstar. In spite of the scant response, her affidavit states that she deemed the comments "inappropriate." Given the comments cited in the complaint and in Ms. Valles's affidavit, the Court can ascertain that her subjective belief is objectively reasonable. Consequently, Ms. Valles has pled facts sufficient to establish a prima facie case of a hostile work environment.

The Court notes that Defendants provided multiple affidavits to contradict Ms. Valles's allegations. However, such affidavits do not prevent the existence of material issues of fact. Ms.

Valles has established a prima facie case to make a claim for hostile work environment. While Defendants deny and contradict her allegations, there is not enough evidence for this Court to conclude on summary judgment that issues of material fact do not remain. Therefore, Defendants' motion for summary judgment on Valles's claim for hostile work environment is denied.

C. *Constructive Discharge*

Valles alleges that her decision to resign and subsequent dismissal from Allstar constituted a constructive discharge. A "constructive discharge" is a "tangible employment action." *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 410 n.15 (5th Cir.2002). To prove a constructive discharge, the plaintiff must show that "working conditions were so intolerable that a reasonable employee would feel compelled to resign." *Lauderdale*, 512 F.3d at 167 (quoting *Brown v. Kinney Shoe Co.*, 237 F.3d 556, 566 (5th Cir. 2001)) (internal quotation marks omitted). The following events provide evidence that a reasonable employee would want to resign:

> (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement [or continued employment on terms less favorable than the employee's former status].

*Id.* (quoting *Brown v. Bunge Corp.*, 207 F.3d 776, 782 (5th Cir. 2000)). "Constructive discharge requires a greater degree of harassment than that required by a hostile environment claim." *Id.* (quoting *Kinney Shoe*, 237 F.3d at 566.).

In *Lauderdale v. Texas Department of Criminal Justice*, the plaintiff did not allege any demotion, reduction in salary, reduction in responsibilities, reassignment, or offer for early retirement. *Id.* Furthermore, she provided no evidence that the harassment of which she complained was calculated to cause her to resign. *Id.* She "merely reiterated the facts that constituted

8

harassment and . . . failed to mention constructive discharge except in the summary-of-the-argument section of her brief." *Id.* As a result, the court found that the plaintiff offered no additional facts that might establish the "greater degree of harassment" necessary for constructive discharge and that her failure to distinguish constructive discharge from her harassment claims meant she "failed to create a genuine issue of material fact that a reasonable employee would have felt compelled to resign under the same circumstances." *Id.*

Here, Valles does not allege any demotion, reduction in salary, reduction in responsibilities, reassignment, or offer for early retirement. Furthermore, she provides no evidence that the harassment of which she complains was calculated to cause her to resign. The only mention in Plaintiff's slight response to Defendants' motion to dismiss is that Valles "did resign and felt compelled to do so due to her working conditions." (Resp. ¶ 8.) Plaintiff's complaint and her response provide no additional facts that would demonstrate a greater degree of harassment necessary for constructive discharge. Consequently, the Court must grant Defendants' motion for summary judgment on Plaintiff's claim for constructive discharge.

*D. Quid Pro Quo Harassment*

Defendants move for summary judgment on Valles's claim for quid pro quo harassment, stating that her claim is flawed since it is "undisputed that Ms. Valles was not ever discharge[d] or subject to disciplinary actions for her direct failure or refusal" to perform any sexual activities with Frazier. (Mot. at 8.) For Valles to succeed on a quid pro quo harassment claim, she must show that "(1) she suffered a tangible employment action and (2) the tangible employment action resulted from her acceptance or rejection of her supervisor's alleged sexual advances." *Russell v. Univ. of Tex. of Permian Basin*, 234 Fed. App'x 195, 201–02 (5th Cir. 2007). To survive summary judgment, Valles

must demonstrate a genuine issue of material fact regarding whether Jimmy Frazier, her alleged harasser, took a tangible employment action against her because she rejected his sexual advances. A "tangible employment action" is "a significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998); *Williams v. Barnhill's Buffet Inc.*, 290 Fed.App'x 759, 761 (5th Cir. 2008).

Here, Valles does not plead that she suffered any tangible employment action as a result of her rejection of Frazier's alleged sexual advances. Ms. Valles does not allege that she was fired, refused a promotion, reassigned, or subjected to a change in benefits. Ms. Valles merely states that she resigned her position in light of the alleged harassment. Moreover, she does not assert that her dismissal prior to her departure date was the result of her failure or rejection of Frazier's alleged sexual advances.[4] As noted previously, Ms. Valles's termination does not rise to the level of constructive discharge, which could qualify as a tangible employment action. *See Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 480–81 (5th Cir. 2008). Plaintiff claims that she was "specifically requested to perform sexual acts in order to receive or 'earn' a raise." (Resp. ¶ 7.) Ms. Valles, however, fails to connect any disciplinary action for her refusal to comply with any of Frazier's alleged advances. As a result, the Court must grant Defendants' motion for summary judgment on Valles's claim for quid pro quo harassment.

---

[4]As previously noted, Defendants allege that Ms. Valles was dismissed prior to her departure date following a confrontation between Ms. Valles's husband and Jimmy Frazier. Plaintiff does not dispute this event.

*E. Retaliation*

Defendants argue that Plaintiff cannot establish a case for retaliation under Title VII. (Mot. at 6–7.) To establish a claim for retaliation, the plaintiff must show that (1) the employee engaged in a protected activity, (2) the employer took adverse action against the employee, and (3) a causal connection exists between the protected activity and the adverse employment action. *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 330 (5th Cir. 2004). Plaintiff does not make a claim for retaliation. (*See* Compl.) Valles makes one reference to a claim for retaliation in her response stating: "Defendants filed their Motion for Summary Judgment alleging . . . that [Plaintiff] was not retaliated against due to reporting sexual harassment claims . . . . The evidence attached to this response shows that this motion is without merit and that there are genuine fact issues that prevent it from being granted." (Resp. ¶ 1). Valles, however, provides no substantive response to counter Plaintiff's motion. (*See* Resp. ¶¶ 3–9.) She does not allege facts sufficient to establish a claim for retaliation. She does not explain what protected activity she undertook, she does not delineate what constitutes the adverse employment action, and she provides no causal connection between the protected activity and the adverse employment action. Assuming that Ms. Valles's reporting of the harassment to her immediate supervisor constituted a protected activity, there is no connection between that activity and her early termination or subsequent references to canceled insurance benefits. Consequently, Ms. Valles cannot establish a claim for retaliation.

**Conclusion**

For the aforementioned reasons, the Court grants in part and denies in part Defendants' motion for summary judgment. The Court grants Defendants' motion for summary judgment on Plaintiff's claims for gender discrimination, quid pro quo harassment, constructive discharge, and

11

retaliation. Defendants' motion for summary judgment on Plaintiff's claim for hostile work environment is denied.

It is so ORDERED.

SIGNED this 27th day of October, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE