IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CATHY VALLES, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. SA-08-CA-501-XR |
| § | |
| JIMMY FRAZIER and ALLSTAR § | |
| EROSION CONTROL, § | |
| § | |
| *Defendants*. § | |

**ORDER ON MOTION TO RECONSIDER**

On this day, the Court considered Defendants' Motion for Clarification and/or Reconsideration of its Order Denying Summary Judgment (Docket Entry No. 30). The Court issued an Order that granted in part and denied in part Defendants' motion for summary judgment. The Court hereby DENIES Defendants' motion for reconsideration but provides the following clarification on its order.

**Background**

On June 23, 2008, Plaintiff Cathy Valles filed suit against Defendants Jimmy Frazier ("Frazier") and Allstar Erosion Control ("Allstar") in this Court seeking damages associated with a claim of sexual harassment in the workplace under 42 U.S.C. § 2000e-2(a) ("Title VII"). Ms. Valles alleges that Defendants engaged in gender discrimination and sexual harassment resulting in a hostile work environment; thereby, forcing Plaintiff to resign from her position at Allstar Erosion Control. She claims that Frazier repeatedly made lewd comments about her clothing, requests for sexual favors, and other inappropriate sexual advances. (Compl. ¶ 9 (June 23, 2008) [Docket Entry No. 1].) She also contends that these acts were reported to her immediate supervisor, but no action

was taken. (Compl. ¶ 10.) Ultimately, Plaintiff alleges that the workplace was sufficiently inhospitable to require her departure. (Compl. ¶ 11.)

## Procedural History

On July 21, 2009, Defendants filed a motion for summary judgment to which Plaintiff did not respond. (Def.'s Mot. for Summ. J. (July 21, 2009) [Docket Entry No. 15].) Upon consideration of Frazier and Allstar's motion, the Court granted Defendants' motion for summary judgment (Order on Mot. for Summ. J. (Sept. 4, 2009) [Docket Entry No. 17]) and the clerk entered judgment in favor of Frazier and Allstar (J. in a Civil Action (Sept. 4, 2009) [Docket Entry No. 18]). Plaintiff Valles filed a motion for this Court to reconsider its order that granted summary judgment, and by implication, the clerk's entry of judgment. (Mot. to Reconsider (Sept. 16, 2009) [Docket Entry No. 19].) Plaintiff's counsel provided the Court with an affidavit and electronic mail printouts in support of his contention that the motion was not received. Jimmy Frazier and Allstar Erosion Control failed to respond to the motion for reconsideration. Consequently, the Court granted the motion for reconsideration to prevent manifest injustice to a party who, based on the available evidence to the Court, had no opportunity to respond to the motion for summary judgment.[1] (Order on Mot. for Reconsideration (Oct. 1, 2009) [Docket Entry No. 23].) On October 27, 2009, the Court granted Defendants' motion for summary judgment on Plaintiff's claims for gender discrimination,

---

[1] Defendants claim that the Court granted the motion for reconsideration despite confirmation that the original summary judgment motion had been dispatched via e-mail and received by Plaintiff. (Mot. for Clarification and/or Reconsideration of Order Denying Summ. J. 1 (Nov. 17, 2009) [Docket Entry No. 30].) No such confirmation was before the Court. As noted above, Defendants failed to provide any response to Plaintiff's motion for reconsideration in which they could have brought this allegation to the Court's attention. Defendants attempted to argue this point in their Reply to Plaintiff's Response to the Motion for Summary Judgment *after* the Court had already granted Plaintiff's motion for reconsideration to which Defendants did not respond.

quid pro quo harassment, constructive discharge, and retaliation and denied Defendants' motion for summary judgment on Plaintiff's claim for hostile work environment. (Order on Mot. for Summ. J. (Oct. 27, 2009) [Docket Entry No. 29].) On November 17, 2009, Defendants filed their motion for clarification and reconsideration of the portion of the order. (Mot. for Clarification and/or Reconsideration of Order Denying Summ. J. (Nov. 17, 2009) [Docket Entry No. 30]. ("Mot.").)

**Legal Standard**

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" by that name. *See Lavespere v. Niagara Mack & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1991), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). However, the Fifth Circuit has held that a motion for reconsideration should be treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within ten days of the judgment at issue or as a motion for relief from a judgment or order under Rule 60(b) when filed after ten days of the challenged order. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir. 2004); *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002); *see also* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 10 days after the entry of judgment.). Application of Rules 59(e) and 60(b) requires entry of a final judgment. *See James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) ("The policy interests underlying Rules 59 and 60, securing the finality of judgments, were not implicated in this case because the action was still proceeding against other defendants in the district court.").

A court reconsiders an interlocutory order pursuant to Rule 54(b). *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims

3

or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The Court notes that "it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. Unit A Oct. 1981). Denial of a motion for summary judgment is an interlocutory order, which allows this Court to reconsider its decision. *Lavespere*, 910 F.2d at 185. In a recent opinion, our sister court discussed the standards related to the reconsideration of an interlocutory order.

> Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court. *See Livingston Down Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002). And the standard would appear to be less exacting than that imposed by Rules 59 and 60. *See id.* Even so, considerations similar to those under Rules 59 and 60 inform the Court's analysis. *See id.*; *see also McLaughlin v. Unum Life Ins. Co. of Am.*, 212 F.R.D. 40, 41 (D. Me. 2002) (discussing the standard for review of an interlocutory order). That is, considerations such as whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification bear upon the Court's review of the motion for reconsideration. *See McLaughlin*, 212 F.R.D. at 41; *also cf. Arrieta v. Yellow Transp., Inc.*, No. 3:05-CV-2271-D, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009) (stating a motion to reconsider is not the proper vehicle for rehashing old arguments or raising arguments that could have been presented earlier).

*Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, No. 4:06-CV-292-Y, 2009 WL 2474771, at *3 (N.D. Tex. Aug. 13, 2009). Likewise, our sister court in the Southern District of Texas has declared that "Rule 59(e)'s legal standards are applied to motions for reconsideration of interlocutory orders." *T-M Vacuum Prods., Inc. v. TAISC, Inc.*, No. C-08-309, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008). This Court will utilize the standards of rule 59(e) to inform its analysis.

To prevail on a Rule 59(e) motion, the movant must show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *In re Benjamin Moore*

4

*& Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

## Analysis

Defendants do not allege an intervening change in law or the discovery of previously-unavailable evidence. The Court will construe their arguments as an attempt to move the Court to correct a clear or manifest error of law or to prevent manifest injustice. Defendants ask the Court to reconsider its ruling on Ms. Valles' hostile work environment claim "in light of her originating charge and outgrowing EEOC investigation." (Mot. at 3.) Frazier and Allstar note that Plaintiff Cathy Valles identified three alleged remarks in her charge with the Equal Employment Opportunity Commission (EEOC) but that her complaint and the affidavit she submitted with her response to Defendants' motion for summary judgment contained "allegations which extend well beyond those described or which could reasonably or indeed did grow from Ms. Valles' EEOC investigation and are not properly before this Court." (Mot. at 2–3.) Defendants move the Court to reconsider its ruling in light of *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970).[2]

---

[2] In *Sanchez v. Standard Brands, Inc.*, the Fifth Circuit Court of Appeals evaluated a district court's dismissal of the plaintiff's discrimination claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. 431 F.2d 455 (5th Cir. 1970). The plaintiff filed a charge of discrimination with the EEOC against her employer within ninety days of the alleged discriminatory incident and then filed an amended charge—past the ninety day deadline—that provided more details of the incident. *Id.* at 458. She then filed a complaint against her employer that alleged unlawful employment practices to which the defendant moved to dismiss, arguing that the allegations in the complaint had not been brought to the EEOC. *Id.* at 459–60. The district court granted the defendant's motion to dismiss and granted the plaintiff leave to file an amended complaint so long as the amended complaint be based solely on sex discrimination without reference to discrimination based on race, color, or national origin. *Id.* at 460. The plaintiff did not amend her complaint, and the district court dismissed it with prejudice. *Id.*

The defendant argued that the complaint contained "factual allegations which are new and distinct from any factual allegations in either charge filed with the EEOC and therefore are not properly the subject to Title VII action." *Id.* at 465. The Fifth Circuit declined to accept the defendant's contention, stating: "This argument appears to be premised on the assumption that every particular fact alleged in the judicial complaint must have a direct counterpart in the charge

In *Sanchez v. Standard Brands, Inc.* the Fifth Circuit Court of Appeals held that the scope of a judicial complaint is limited to "discrimination like or related to allegations contained in the [EEOC] charge" and the scope of the resulting EEOC investigation that would "reasonably be expected to grow out of the charge." *Id.* at 465–66; *see also McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). Court are to "construe employment discrimination charges with the 'utmost liberality,' bearing in mind that such charges are generally prepared by laymen untutored in the rules of pleading." *Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 78 (5th Cir.1982); *see also Preston v. Tex. Dep't of Family and Protective Servs.*, 222 Fed. App'x. 353, 356 (5th Cir. 2007). To determine whether an allegation in a complaint falls within the scope of a charge filed with the EEOC, a court must "engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006).

In the order on Defendants' motion for summary judgment, the Court denied Defendants' motion regarding Plaintiff's claim for hostile work environment. In her charge to the EEOC, Valles declared the following: "The sexual harassment consist [sic] of inappropriate sexual remarks, such as asking me to perform oral sex on him, asking me to provide him with naked pictures of myself and asking me when and how was I going to work off my raise." In her complaint and her response to Defendant's motion for summary judgment, Plaintiff includes additional factual allegations, including: Frazier's request for oral sex in Plaintiff's vehicle, attempts to convince Plaintiff to engage in sexual relations with another female, and repeated comments about her breasts and undergarments. (*See* Compl. ¶ 9; Pl.'s Resp. to Def.'s Mot. for Summ. J. (Oct. 5, 2009) [Docket

---

of discrimination." *Id.* at 465–66.

Entry No. 25].) Valles also provides a list of twelve comments as examples of the inappropriate comments she allegedly endured by Jimmy Frazier when employed at Allstar. Aff. of Cathy Valles (Sept. 15, 2009) (Pl.'s Resp. to Def.'s Mot. for Summ. J. attach.). The Court notes that these comments are within the scope of the allegations raised by Valles in her charge to the EEOC. Each comment demonstrates an alleged "inappropriate sexual remark" that bolsters or coincides with the examples cited in her charge to the EEOC. Even though Valles wrote "sexual harassment" on her charge, the substance of the allegations in her could reasonably result in an investigation for a hostile work environment. Moreover, Valles writes "[h]e asked me numerous of [sic] times for pictures of me naked . . . ." EEOC Intake Qustionnaire (Sept. 13, 2007). This statement indicates repeated requests and not just one single event. A reasonable investigator would take the comments in the charge, which are listed as examples, to pursue an investigation of a hostile work environment. In accordance with *Sanchez v. Standard Brands*, the Court determines that Valles's claim for hostile work environment is like or related to the allegations in her EEOC charge to which she entitled "sexual harassment."[3]

Defendants further urge the Court to explain how the heightened pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, -- U.S. ---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) "require Plaintiff to go beyond her

---

[3]The Fifth Circuit Court of Appeals stated:
We must ever be mindful that the provisions of Title VII were not designed for the sophisticated or the cognoscenti, but to protect equality of opportunity among all employees and prospective employees. This protection must be extended to even the most unlettered and unsophisticated. It cannot be doubted that 'a large number of the charges filed with (the) EEOC are filed by ordinary people unschooled in the technicalities of the law.' This fact can only point us in the direction of liberal procedural rules.
*Sanchez*, 431 F.2d at 463 (citation omitted).

globalized allegations and to specify with particularity the detailed factual bases and theories she is relying upon in asserting such a claim." (Mot. at 4.) *Twombly* and *Iqbal* involve the Supreme Court's evaluation of lower court's rulings on motions to dismiss. Here, Frazier and Allstar raised this issue in their reply to Plaintiff's response to their motion for summary judgment. Defendants had already answered Plaintiff's complaint without challenging the sufficiency of Valles's allegations nor moving to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Answer (Sept. 9, 2008) [Docket Entry No. 6].)

Moreover, Frazier and Allstar raised this allegation in the context of their own motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. According to the rule, summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Defendants submitted their motion with affidavits to which Plaintiff responded with her own affidavit that established material issues of fact for trial that precluded this Court from rendering summary judgment for Defendants. Defendants did not move the Court to issue a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* FED. R. CIV. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."). Even if they did, they presented matters outside the pleadings that would have forced the Court to treat the motion as one for summary judgment in accordance with Federal Rule of Civil Procedure 12(d). *See* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. . . . ."). Therefore, *Iqbal* and *Twombly* have no bearing on this Court's analysis in its order on

Defendants' motion for summary judgment.[4]

**Conclusion**

Defendants have not shown an intervening change in controlling law; new evidence not previously available; or the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. As a result, Defendants' motion for reconsideration is DENIED.

It is so ORDERED.

SIGNED this 30th day of November, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[4]The Court notes that although short and not an ideal model, Plaintiff's complaint makes the relevant assertions to establish a claim for a hostile work environment. To establish such a claim, the Plaintiff must show "(1) that the employee belongs to a protected class; (2) that the employee was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; and (4) that the harassment affected a term, condition, or privilege of employment." *Stewart v. Miss. Transp. Comm'n*, No. 08-60747, 2009 WL 3366930, at *6 (5th Cir. 2009) (quoting *Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 163 (5th Cir. 2007)) (internal quotation marks omitted). In her Complaint, Valles makes the allegations to state a claim. (*See* Compl. ¶¶ 7, 9–12.) The Court further notes that the allegations were sufficient to place the Defendants on notice as to the nature of Valles's claims to allow Defendants to file an Answer. If Defendants questioned the sufficiency of Valles's Complaint, they had the opportunity to raise this issue but did not. Valles's complaint contains factual allegations of the alleged harassment and not conclusory allegations. Based upon the Court's experience and common sense, the facts are sufficient to raise a reasonable expectation that discovery will have revealed evidence of the necessary claims or elements. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."); *Morgan v. Hubert*, No. 08-30388, 2009 WL 1884605, at *3 (5th Cir. July 1, 2009) ("This standard simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." (internal quotation marks omitted)).