# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CATHY VALLES, | § | |
| *Plaintiff*, | § § § | |
| v. | § | Civil Action No. SA-08-CA-501-XR |
| JIMMY FRAZIER and ALLSTAR EROSION CONTROL, | § § § § | |
| *Defendants*. | § § | |

## ORDER TO STAY PROCEEDINGS

On November 18, 2009, Plaintiff notified this Court that Defendant Jimmy Frazier filed for bankruptcy protection, which would stay proceedings in this cause of action. The Court has taken judicial notice of a pending bankruptcy proceeding in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division. *See In re Frazier*, No. 09-51494-lmc (Bankr. W.D. Tex. filed Apr. 27, 2009). Jimmy Louis Frazier and Brenda M. Frazier are listed as the debtors. Although Allstar Erosion Control is not listed by name in the bankruptcy proceeding, Defendants admitted that Allstar Erosion Control is a sole-proprietor business. (*See* Answer ¶ 5 (Sept. 9, 2008) [Docket Entry No. 6].) This admission—and there being no additional indication that Allstar Erosion Control is a separate bankruptcy-remote entity—means any action against Allstar is related to the bankruptcy proceeding.

The automatic stay provision of 11 U.S.C. § 362 prevents this case from going forward against Defendants at this time. Consequently, this case shall be stayed pending the outcome of the bankruptcy proceeding. So that the Court may be apprized of the progress of the proceeding, the Court will require Defendants to file a status report in this case indicating the effect of the

bankruptcy proceeding on this cause.

Accordingly, the Court STAYS the claims against Defendants pending the outcome of the bankruptcy case filed in the United States Bankruptcy Court for the Western District of Texas. The Court VACATES all pending deadlines and upcoming events in the Scheduling Order until further notice. The Court ORDERS Defendants to file a status report in this case indicating the status of the bankruptcy proceeding in relation to its effect on this case every quarter, beginning January 1, 2010.

Moreover, Plaintiff filed a motion for sanctions (Docket Entry No. 31) against Defendants for failing to notify Plaintiff's counsel or the Court of the bankruptcy. As this matter is stayed, the Court can take no action on the motion for sanctions as it pertains to the Defendants. Therefore, Plaintiff's motion for sanctions against Defendants is DISMISSED without prejudice. Plaintiff may renew her motion when the stay is lifted.[1] Defendants' motion for leave to file a response to the motion for sanctions is DISMISSED AS MOOT.

It is so ORDERED.

SIGNED this 2nd day of December, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[1] It is unclear from the motion whether Plaintiff is also seeking a sanction against Defendants' counsel. If Plaintiff intended to move for sanctions against Defendants' counsel, then she may refile her motion that specifically addresses the sanctionable conduct of Defendants' counsel outside of any allegedly sanctionable actions conducted by Defendants. The stay prevents the Court from entertaining any motions that impact the bankruptcy estate so the Court could not entertain any motion that alleges intertwined actions of Defendants' counsel with Allstar and Frazier.