IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CATHY VALLES, | § | |
| | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-08-CV-501-XR |
| | § | |
| JIMMY FRAZIER and | § | |
| ALLSTAR EROSION CONTROL, | § | |
| | § | |
|    *Defendants*. | § | |

**ORDER ON MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS**

On this day, the Court considered Defendants' counsel's ("Movant") Motion to Withdraw as Counsel (Docket Entry No. 40) and his Amended Motion to Withdraw as Counsel (Docket Entry No. 41), which supplements the initial motion with information required by the Local Rules of the Western District of Texas.  Plaintiff does not oppose the motion.

Pursuant to the Local Rules of the Western District of Texas:

> An attorney seeking to withdraw from a case must file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney.  If the successor attorney is not known, the motion must set for the client's name, address, and telephone number, and must bear either the client's signature or a detailed explanation why the client's signature could not be obtained after due diligence.

L.R. AT-3 (W.D. Tex.).  "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989).  A district court's decision to grant leave to withdraw is within the sound discretion of the court.  *Id.*

To show cause, Movant states that he has been unable to reach his client and that "attorney-client matters have been strained by [the] inability to reach him, such that effective attorney[-]client

relations do not exist" and that while he "has attempted to reach Mr. Frazier and request a response to matters involving further representation[,] no response has been received." He states that attempts to reach Mr. Frazier "to coordinate and address issues surrounding representation, much less obtaining his signature for the present motion, have been unsuccessful."

Movant has shown cause and complies with the local rule by providing contact information for the client and states why he cannot obtain his client's signature. Furthermore, counsel has notified his client that he has sought to withdraw. The Court also notes that the motion is unopposed by Plaintiff.

For the aforementioned reasons, the amended motion to withdraw (Docket Entry No. 41) is GRANTED. The initial motion to withdraw (Docket Entry No. 40) is DISMISSED as moot.

IT IS, THEREFORE, ORDERED that Russell Amsberry is hereby withdrawn as counsel of record for Jimmy Frazier and Allstar Erosion Control in this cause.

Mr. Amsberry is, however, ORDERED to forward a copy of this order, and the Court's order to reopen the case and order setting a hearing to Jimmy Frazier and Allstar Erosion Control.

It is so ORDERED.

SIGNED this 26th day of May, 2010.

                              XAVIER RODRIGUEZ
                              UNITED STATES DISTRICT JUDGE